UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANGELINA MEZA,

    Plaintiff,

v.                                     Case No.:  6:21-cv-222-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

# OPINION AND ORDER

Plaintiff Angelina Meza seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A. Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.     Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits on March 5, 2019, alleging disability beginning October 19, 2018. (Tr. 79, 181-82). The application was denied initially and on reconsideration. (Tr. 79, 98). Plaintiff requested a hearing and a hearing was held on June 10, 2020, before Administrative Law Judge ("ALJ") Julio Ocampo. (Tr. 36-66). On June 25, 2020, the ALJ entered a decision finding Plaintiff not disabled from October 19, 2018, through the date of the decision. (Tr. 15-26).

Plaintiff requested review of the hearing decision, but the Appeals Council denied Plaintiff's request on December 11, 2020. (Tr. 1-6). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on February 2, 2021, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 24).

### D.     Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2023. (Tr. 17). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 19, 2018, the alleged onset date. (Tr. 17). At step two, the ALJ found that Plaintiff had the following severe impairments: "inflammatory arthritis, fibromyalgia, plantar fasciitis, and migraines." (Tr. 18). At step three, the

ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 20).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except she can only frequently reach overhead and in all other directions bilaterally. She can frequently handle and finger bilaterally. She can frequently climb ramps or stairs, stoop, kneel, crouch, and crawl. She can occasionally climb ladders, ropes, or scaffolds. She can occasionally work at unprotected heights and around moving mechanical parts. She can have occasional exposure to extreme cold and extreme heat.

(Tr. 20).

At step four, the ALJ found that Plaintiff was able to perform her past relevant work as a payroll clerk and benefits manager as actually and generally performed. (Tr. 25). The ALJ determined that this work does not require the performance of work-related activities precluded by the RFC. (Tr. 35). The ALJ concluded that Plaintiff had not been under a disability from October 19, 2018, through the date of the decision. (Tr. 25-26).

## II.    Analysis

On appeal, Plaintiff raises two issues: (1) whether the ALJ applied the correct legal standards to Plaintiff's testimony regarding her pain limitations; and (2) whether Plaintiff is entitled to a legitimate valid hearing before an ALJ who has lawful authority to hear and decide her claim based on valid legal authority. (Doc. 26, p. 9, 19).

### A.    Subjective Complaints, Including Fibromyalgia

While Plaintiff briefly discusses subjective complaints in general, Plaintiff's argument focuses on the standard to evaluate fibromyalgia, (Doc. 26, 9-10). She argues that the ALJ erred in relying almost exclusively on the lack of objective medical evidence to reject Plaintiff's testimony about her pain and limitations, especially those related to fibromyalgia. (Doc. 26, p. 11-12).

The Commissioner contends that the ALJ properly considered the objective medical evidence along with Plaintiff's treatment history and other evidence of record when assessing Plaintiff's subjective complaints and how they affected her ability to work. (Doc. 26, p. 16). The Commissioner then discusses the objective evidence. (Doc. 26, p. 16-17).

A claimant may establish that she is disabled through her own testimony of pain or other subjective symptoms. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858,

867 (11th Cir. 2019) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). In such a case, a claimant must establish:

> "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

*Id.* (quoting *Dyer*, 395 F.3d at 1210).

When evaluating a claimant's testimony, the ALJ should consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication to alleviate pain or other symptoms; (5) treatment other than medication for relief of pain or other symptoms; (6) any measures a claimant uses to relieve pain or other symptoms; and (7) other factors concerning a claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019).

The ALJ should consider these factors along with all of the evidence of record. *Ross*, 794 F. App'x 867. If the ALJ discredits this testimony, then the ALJ "'must clearly articulate explicit and adequate reasons for' doing so." *Id.* (quoting *Dyer*, 395 F.3d at 1210). The ALJ may consider the consistency of the claimant's statements along with the rest of the record to reach this determination. *Id.* Such findings "'are

the province of the ALJ,' and we will 'not disturb a clearly articulated credibility finding supported by substantial evidence.'" *Id.* (quoting *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014)). A decision will be affirmed as long as the decision is not a "broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (quotation and brackets omitted).

The impairment of fibromyalgia is "characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissue that has persisted for at least 3 months. SSR 12-2p, 2012 WL 3104869, *2 (July 25, 2012). When considering fibromyalgia, the Eleventh Circuit has recognized that fibromyalgia is a unique impairment because it "'often lacks medical or laboratory signs and is generally diagnosed mostly on a[n] individual's described symptoms.'" *Horowitz v. Comm'r of Soc. Sec.*, 688 F. App'x 855, 863 (11th Cir. 2017) (quoting *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). "Because the 'hallmark' of fibromyalgia is a 'lack of objective evidence,' a claimant's subjective complaints may be the only means of determining the severity of the claimant's condition and the functional limitations she experiences." *Id.* (citing *Moore*, 405 F.3d at 1211). An ALJ's decision is subject to reversal when the ALJ relies on lack of objective findings as a basis for an adverse decision. *Id.*

The Social Security Administration promulgated SSR 12-2p to provide guidance on how to determine whether a person has a medically determinable impairment of fibromyalgia and how it will evaluate this impairment in a disability claim. SSR 12-2p, 2012 WL 3104869 (July 25, 2012); *Francis v. Saul*, No. 8:18-cv-2492-SPF, 2020 WL 1227589, *3 (M.D. Fla. Mar. 13, 2020). The ruling informs ALJs in how to consider fibromyalgia in the five-step process. SSR 12-2p, 2012 WL 3104869 (July 25, 2012).

The ruling requires an ALJ to consider all relevant evidence in the case and all of a claimant's medically determinable impairments, including those that are not severe when making an RFC determination. SSR 12-2p at *6. "For a person with fibromyalgia, an ALJ must consider a longitudinal record whenever possible because the symptoms of [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'" *Id.* An ALJ must consider widespread pain and other symptoms associated with fibromyalgia such as fatigue that may result in exertional and non-exertional limitations, which prevent a person from doing a full range of unskilled work. *Id.* If the objective medical evidence does not support a claimant's statements about the intensity, persistence, and functionally limiting effects of symptoms, then an ALJ must consider a claimant's daily activities, medications, or other treatments the person uses or used to alleviate symptoms, the

nature and frequency of a claimant's attempt to obtain medical treatment for the symptoms, and statement by other people about the claimant's symptoms. *Id.* at *5.

As to Plaintiff's subjective symptoms, the ALJ found generally that her medically determinable impairments could reasonably be expected to cause the alleged symptoms, but her statements as to intensity, persistence and the limiting effects of these symptoms are not entirely consistent with the medical and other evidence of record. (Tr. 21). The ALJ summarized treatment notes from October 2018 through October 2019, acknowledging some evaluations when Plaintiff appeared chronically ill with 8 out of 18 tender points, and others when she appeared in no acute distress, her gait was stable, and there were no motor or sensory deficits. (Tr. 21-22). The ALJ concluded that "while the claimant reported severe limitations due to inflammatory arthritis, fibromyalgia, plantar fasciitis, and migraines, the medical evidence viewed in its entirety shows that the claimant is capable of performing work at the sedentary exertional level." (Tr. 22). The ALJ then addressed Plaintiff's fibromyalgia:

> With regard to the claimant's fibromyalgia, I have considered Social Security Ruling 12-2p (SSR 12-2p), which provides that fibromyalgia is a common but complex medical condition characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least three months. I considered that widespread pain and other symptoms associated with fibromyalgia, such as fatigue, may result in exertional limitations that prevent a person from doing the full range of unskilled work in one or more of the exertional categories in Appendix 2 of subpart P of part 404. Furthermore, individuals with fibromyalgia may also have

> nonexertional physical or mental limitations, or environmental restrictions, because of their pain or other symptoms. SSR 12-2p indicates that I cannot rely solely upon a physician's diagnosis alone but must evaluate objective findings on physical examination and consistency through the entire evidence of record.

(Tr. 22-23).

The ALJ then mentioned Plaintiff's subjective complaints of migraine headaches, fatigue, plantar fasciitis, and diffuse body pain. (Tr. 23). But then discussed objective findings from an ultrasound, laboratory tests, and physical examinations. (Tr. 23). The ALJ emphasized that Plaintiff was repeatedly not found in acute distress, did not use an assistive device for ambulation, and her gait, motor strength, and sensation "were frequently normal." (Tr. 23). The ALJ went on to discuss x-rays, MRIs, nerve conduction studies, and ultrasounds. (Tr. 23). And he mentioned one treatment note from May 2019 that showed Plaintiff's bilateral lower extremity strength, balance, and flexibility improved. (Tr. 23). Next, the ALJ noted that there was no evidence that Plaintiff had undergone surgery or prolonged physical therapy for inflammatory arthritis, fibromyalgia, plantar fasciitis, and migraines during the period at issue. (Tr. 23). Instead, he noted that Plaintiff had mostly conservative treatment, like medication management. (Tr. 23). Finally, the ALJ concluded: "Overall, the claimant's allegations are not substantially supported by the evidence to the extent that she would be precluded from all work activity. While the claimant would require work at the sedentary exertional level with

limitations in postural, manipulative, and environmental activities, those restrictions would reasonably accommodate her symptoms." (Tr. 23).

Under SSR 12-2p, once an ALJ determines that fibromyalgia is a medically determinable impairment, if the objective evidence does not support the plaintiff's statements – as the ALJ found here – then an ALJ must "consider all of the evidence in the case record, including the person's daily activities, medications or other treatments the person uses, or has used, to alleviate symptoms; the nature and frequency of the person's attempts to obtain medical treatment for symptoms; and statements by other people about the person's symptoms." SSR 12-2p at *5. The ALJ mentioned Plaintiff's subjective complaints of pain and stiffness in her joints, fatigue, poor concentration, and insomnia. (Tr. 20). The ALJ also mentioned Plaintiff's daily activities of living with her mother, husband, and three children, her ability to drive and shop, and her difficulties with preparing meals, doing laundry, and dressing. (Tr. 21). And the ALJ noted that Plaintiff's medications cause drowsiness and mood swings. (Tr. 21). The ALJ also considered the testimony of Plaintiff's husband, who testified about Plaintiff's anxiety, headaches, fatigue, and pain that would limit her ability to work. (Tr. 21). The ALJ discounted the husband's testimony because he was not medically trained, was not a disinterested third party, and "[m]ost importantly, his opinions are inconsistent with the treatment records and not supported by the findings on examinations. For example, the claimant repeatedly

was not in acute distress, she did not use an assistive device for ambulation, and her gait, motor strength, and sensation were frequently normal." (Tr. 25).

While the ALJ mentioned Plaintiff's daily activities, medications, treatments, and statements from other people, the ALJ did not reconcile how the non-objective medical evidence did not support Plaintiff's statements about her fibromyalgia impairment. The ALJ's findings on Plaintiff's other impairments may be supported by the objective medical evidence, but fibromyalgia is different. The ALJ failed to explain how Plaintiff's minimal daily activities, subjective complaints, frequent treatment for fibromyalgia, medications or other treatments, and her husband's statements are inconsistent with or do not support her subjective symptoms. The ALJ focused on the objective medical evidence to discount or find conflicts with the other evidence of record, stating many times that Plaintiff repeatedly was not in acute distress, she did not use an assistive device for ambulation, and her gait, motor strength, and sensation were frequently normal. (Tr. 21-25). But relying on the lack of objective medical evidence to discount her subjective complaints as to fibromyalgia is insufficient. *See Horowitz*, 688 F. App'x at 863. Thus, it is impossible to determine whether the ALJ's evaluation of fibromyalgia is supported by substantial evidence and therefore warrants remand.

### B.     Validly Appointed Commissioner of Social Security

Plaintiff argues that the Commissioner of Social Security was not validly appointed on the date of Plaintiff's June 25, 2020 unfavorable decision. (Doc. 26, p. 19). Plaintiff claims that the Social Security Administration knowingly violated Plaintiff's constitutional rights and she is entitled to remand for a *de novo* hearing before a new ALJ. (Doc. 26, p. 24). The Commissioner argues that she is not entitled to a rehearing on her disability claim. Because the Court is remanding this case on a different issue, the Court need not reach this issue.

### III.    Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider Plaintiff's fibromyalgia. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on August 1, 2022.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties